VASQUEZ, Plaintiff, *v.* SOCIEDAD MUTUALISTA MEXICANA, INC.,
Defendant.

Supreme Court, New York County.

Corporations — similarity of names — action to restrain defendant corporation from engaging in any activities under name of plaintiff association — except abbreviation " Inc.," name of corporation is identical to that of plaintiff association — evidence shows organizers of corporation purposed to embarrass plaintiff — plaintiff entitled to judgment — incorporation does not protect defendant in usurpation of plaintiff's rights.

Plaintiff, president of the Sociedad Mutualista Mexicana, an unincorporated association operating in the Mexican colony in the city of New York, is entitled to a judgment restraining the Sociedad Mutualista Mexicana, Inc., its officers and members, from using the list of members of plaintiff's association for any purpose whatsoever, and from engaging in any activities under the name of the association, where it appears that those responsible for the organization of the corporation, whose name is identically similar to that of plaintiff association with the exception of the abbreviation " Inc.," sought to appropriate the good name of the association and pursue a course of action well calculated to embarrass, not only the association, but the public generally. The fact that defendant is incorporated will not protect it in the usurpation of plaintiff's rights.

ACTION to restrain the defendant from carrying on any activities under the name " Sociedad Mutualista Mexicana."

DONOHUE, J.   The plaintiff, as president of Sociedad Mutualista Mexicana (Mexican Mutual Aid Society), an unincorporated association of more than seven members, seeks to enjoin the Sociedad Mutualista Mexicana, Inc., its officers and members, from using the name " Sociedad Mutualista Mexicana," from using the list of members of the association for any purpose whatsoever, from sending notices, letters, postal cards, or other communications of any kind using the association's name, and from carrying on any activities under the name of the association.

The association was organized November 4, 1924, under its present name. Officers were elected in March, 1925, a constitution and by-laws adopted, and meetings of the plaintiff society were thereafter frequently held, and several social and charitable affairs conducted by the association. Minutes of its meetings were kept; it had its own bank account in the Empire Trust Company, and in May, 1925, at one of its regular meetings, it was voted to incorporate the society, and one of its members was delegated to prepare the necessary incorporation papers. Dissentions arose among the members, and a few members of the society called a meeting in

August, 1925, and on September 4, 1925, organized the defendant corporation. The name chosen for the defendant corporation, with the exception of the abbreviation, " Inc.," thereafter, is identically similar to that of the plaintiff association.

The membership of the plaintiff, as its name implies, was recruited almost exclusively from Mexicans residing in and about New York city. The name is a popular one, and the association, through its activities and membership, became well known and favorably regarded in the Mexican colony. From the testimony and evidence submitted it is perfectly obvious that those responsible for the organization of the defendant corporation sought to appropriate the good name of the association and any advantages that might accrue therefrom, and have pursued a course of action well calculated to embarrass and confuse, not only the members of the association, but those persons who might be interested in its activities. The rights of the plaintiff cannot be thus disregarded, and incorporation will not protect the defendant in such usurpation. (*Grand Lodge, etc.*, v. *Johnson*, 107 Misc. 249; *Brooklyn Hebrew H. & H.* v. *Jewish Home*, 117 id. 347.)

Judgment for plaintiff. Submit decree in accordance herewith upon notice.